TIM, Appellant, v. PEKAS, et al, Respondents.

(226 N. W. 276.)

(File No. 6516. Opinion filed June 27, 1929.)

*Lars A: Bruce,* of Yankton, for Appellant.

*H. A. Doyle* and *Orvis & French,* all of Yankton, for Respondents.

FULLER, C. · This is an appeal from an order sustaining the demurrers of defendants to the plaintiff's complaint. The sole ground of demurrer is that there is a misjoinder of causes of action. The complaint is divided into four parts, each purporting to separately state a cause of action by plaintiff against all the defendants. As the arguments of both parties proceed upon the assumption that each subdivision of the pleading adequately sets forth some cause of action, it will be treated here as sufficient to state the particular cause to which it most nearly conforms. An abstract of the substantive portions of the complaint may be thus stated.

First cause. The defendant Farmers' State Bank is a banking corporation of Lesterville, S. D. The defendants Joseph and John Pekas are officers of the bank. In December, 1923, and prior thereto, the plaintiff, Tim, was engaged in the business of buying and selling produce and other merchandise. During that month the defendants Joseph and John Pekas, individually and as officers of defendant bank, conspired with each other to destroy the confidence and good will which plaintiff had established in his business and to wreck defendant's business. To this end, and acting individually and as officers of the defendant bank, the defendants maliciously circulated false stories as to the condition and character of plaintiff's business, to his damage in the sum of $10,000.

Second Cause. On or following December 28, 1923, the defendants, each and all of them, conspired to withdraw money which plaintiff had previously deposited in defendant bank subject to check. That on or about the 30th day of December, 1923, the defendant bank and its officers, the defendants herein, wrongfully withdrew the said money of plaintiff from the said bank and appropriated the same to their own use, to the damage of plaintiff in the sum of $150.

Third cause. That on December 19, 1923, the plaintiff issued a check, on defendant bank, to one Mach. Mach presented the check for payment, at defendant bank, on December 28, 1923. Payment of the check was wrongfully refused for alleged lack of funds, and the defendants caused the said Mach to file a criminal complaint against plaintiff for the issuance of said check with alleged knowledge on the part of plaintiff that there were insufficient funds in the bank to pay the same, and for false pretenses. Plaintiff was arrested and bound over to the circuit court for trial. This conduct of the defendants, it is alleged, was a part of the plan and conspiracy, aforesaid, undertaken by the defendants Joseph and John Pekas as individuals and as officers of defendant bank. That the result of defendants' acts was damage to the reputation of plaintiff, making it impossible for him to succeed in business efforts, and that his credit has been destroyed, his character damaged. Because thereof, plaintiff alleges damages in the sum of $10,000.

Fourth cause. The plaintiff was adjudicated a bankrupt on December 28, 1923. In his schedules in bankruptcy he claimed property in the sum of $300 to be exempt. This claim to exemption was allowed. The money of plaintiff on deposit in the defendant bank to the extent of $150 was a part of the $300 thus claimed to be exempt. The defendant bank and its officers have refused to deliver to plaintiff the sum of $150, and have appropriated the same to their own use. Damage is alleged "by such refusal to deliver his said money" to plaintiff in the sum of $150, with interest thereon.

Assuming in favor of appellant that but one cause is intended to be set forth in each subdivision of the complaint, we may, for the purpose of this appeal, treat the first cause of action as one for slander, the second for conversion, the third for malicious prosecution, and the fourth for conversion.

Rev. Code 1919, § 2371, provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of:

"1. The same transaction, or transactions connected with the same subject of action.

"2. Contract, express or implied; or,

"3. Injuries, with or without force, to person and property, or either; or,

"4. Injuries to character; or, * * *

"6. Claims to recover personal property, with or without damages for the withholding thereof; * * *

"But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated."

█ As a first question we shall consider whether the first cause for slander, and the second cause, for conversion, arise out of the same transaction within the meaning of section 2371, subd. 1, supra. Manifestly they do not. The transaction forming the basis of the charge of slander is found in the acts of defendants during the month of December, 1923, by way of false statements made to third persons. Under the broad allegations of this cause, proof may be intended of many false stories to many persons, on different days, for the effect is said to be the complete destruction of plaintiff's business. But the transaction out of which the cause of conversion arises is found simply in the alleged act of defendants taking plaintiff's money and appropriating it to their own use on December 28, 1923.

Nor are these pleaded transactions related to the same subject of action, within the meaning of subdivision 1 of said section. The first cause is for defamation of character and reputation; the second for wrongful appropriation of plaintiff's property. The pleader has affirmatively alleged two distinct transactions, each unrelated to the subject of action of the other. Reference in the pleading to the matter of conspiracy does not aid this situation. It may be that numerous wrongs, differing in nature, might result directly from the execution of a conspiracy. But in this case the first and second causes of action are not related to the same con-

spiracy. In the first cause of action, it is alleged that during the month of December, 1923, "or some time prior thereto," the defendants conspired to destroy the confidence and good will which plaintiff had established in his business. In the second cause of action, it is alleged that thereafter (December 28, 1923), on or about the latter days of said month, the defendants conspired to withdraw the money which plaintiff had on deposit in defendant bank, and that they did withdraw the same and appropriate it to their own use. If the allegations of conspiracy in the second cause of action can be found to have any bearing whatever on the charge that the defendants wrongfully converted the property of plaintiff, they may not, at least, be said to represent the particular conspiracy pleaded in the first cause of action. The first and second causes of action do not arise out of the same transaction, and they are not related to the same subject of action. They may not be united in the same complaint under section 2371, subd. 1, supra.

Under subdivision 4 of section 2371, causes which arise out of "injuries to character" form a separate and distinct class, and the statute is clear that the united causes must all belong to one of the classes stated in the section, where it does not appear that they arise out of the same transaction or that they are connected with the same subject of action. Obviously the second cause of conversion may not be classified with causes arising out of injuries to character, all of which are embraced in subdivision 4, supra. Without further consideration of the pleading, it is apparent that there is a misjoinder of the first and second causes of action.

The order appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.